McDANIELS *v.* SAMMONS.

Opinion delivered April 22, 1905.

HOMESTEAD—EFFECTIVE CONVEYANCE—CURATIVE ACT.—A conveyance of a homestead which was defective because it did not conform to the act of 1887 (Kirby's Dig. § 3901) was cured by the passage of the subsequent act of 1899 (Kirby's Dig. § 784), if it was signed by the wife and was not in litigation at the date of passage of the latter act.

Appeal from Garland Chancery Court.

LELAND LEATHERMAN, Chancellor.

*James E. Hogue,* for appellant.

The land in question was the homestead of appellant. Kirby's Dig. § 3901. The deed of trust was void. 57 Ark. 242; 62 Ark. 431; 64 Ark. 492; 71 Ark. 283. No ratification is alleged or shown. 58 Ark. 20; 64 Ark. 217; 56 Ark. 532; 11 Ark. 205. Mrs. McDaniels was not estopped by the original decree. 40 Ark. 283; 140 U. S. 266; 63 Ind. 67.

*Wood & Henderson*, for appellees.

The decree of foreclosure cannot be impeached, except by a direct proceeding. 49 Ark. 397; 40 Ark. 48; 38 Ark. 569; Freeman, Ex. 484. Appellant waived her right of homestead. 50 Ark. 242; 70 Ark. 70. Appellant is estopped. Herman, Estop. § § 457, 940; 10 Ark. 211; 24 Ark. 371; 33 Ark. 465; 39 Ark. 131; 20 Ark. 91; Herman, Estop. § § 409-411, 899, 1104; 53 Ark. 514; 47 Ark. 321; 53 Ark. 184; 51 Ark. 338; 55 Ark. 139. The acknowledgment was cured by act of March 18, 1889. 43 Wis. 150; 53 Ark. 110.

HILL, C. J. C. E. McDaniels was indebted to a loan company, and had his real estate mortgaged to secure it. The mortgage was about to be foreclosed, and McDaniels went to Sammons, a business man and his friend, for advice and assistance. Sammons suggested a new loan in a building and loan company, and helped him to secure it. After securing it, and deducting commissions and fees, McDaniels was still short of enough money to release his land from the first mortgage, and needed $450 more to consummate his new deal. Sammons, it seems, as a purely friendly act, secured a party to loan this sum to McDaniels on the two tracts in controversy, one his home and the other known as the timbered forty.

In order to obtain this loan, Sammons indorsed McDaniels's note. A deed of trust was executed securing this loan. The homestead clause was omitted, but Mrs. McDaniels signed the deed and acknowledged relinquishment of dower. McDaniels died, and the note became due, and Sammons had to protect it as indorser. Foreclosure was brought, and the property was sold, the home place bought by Sammons for $300, and the "timbered forty" by appellee Diffie, and Sammons after the sale sold the other tract to appellee Mrs. Harrington. After the sale had

been confirmed several months this suit was brought by Mrs. Sammons to set aside the deed of trust and the decree foreclosing it and the sales thereunder as fraudulently obtained. The gravamen of the charges were, (1) that she did not sign the deed with an understanding that it was creating a lien on the property, and was assured by Sammons and her husband that the property could not be taken under it; (2) that when the foreclosure suit was pending Sammons assured her he would protect her interests and cause the "timbered forty" to pay the debt, leaving the home place clear; (3) the deed of trust is attacked as in law void because of the lack of the wife's execution of it as homestead property.

On the issues of fact Mrs. McDaniels fails to sustain her case. She is not corroborated in essentials. Her testimony shows that she did not understand and appreciate the significance of the conveyance she executed, while it is plain that it was attempted to be made clear to her, and it was her own lack of understanding of its nature which is the basis of this complaint. On the other point, as to being misled by Sammons, their versions are radically different and irreconcilable. The chancellor has accepted Sammons's version of it, and the facts of the case justify the chancellor in so doing. With these questions of fact resolved against the appellant, there only remains to consider the effect of the deed of trust.

Several reasons are presented which preclude appellant from now opening the decree on this account. It is only necessary to consider one of them, because it goes beyond all the other questions, and cures the only defect in the title of the appellees. The deed of trust is defective in that it does not conform to section 3901, Kirby's Digest, prescribing the manner in which conveyance of homesteads shall be effectual. *Pipkin* v. *Williams,* 57 Ark. 242, construed the requisites of a deed to conform to this statute, and this one does not conform to it. Many defective deeds followed the enactment of this statute in 1887, and the General Assembly of 1893 passed a curative act validating them. Kirby's Dig. § 784. The General Assembly of 1899 passed another curative act expressly validating conveyances invalid for nonconformity to this act, but limited its operation to deeds which the wife had signed, and which were not then in litigation. Kirby's

Dig. § 785. This deed was signed by Mrs. Sammons, and it was not in litigation when the act was passed. The foreclosure suit had terminated in final decree and confirmation of the sales before the act was passed, and this suit, attacking that decree and this deed, was not filed until after the act was passed, and the deed had then become valid by this curative act.

It is unnecessary to discuss the other questions, several of which are fatal to the appellant.

The decree is affirmed.